110 T.C. No. 11


UNITED STATES TAX COURT


ALBERT LEMISHOW, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18744-96.                    Filed February 18, 1998.


        P received distributions from individual
retirements accounts (IRA's) and Keogh accounts
consisting solely of money.  P purchased stock with a
portion of the distributions.  Thereafter, P opened a
new IRA and placed the stock in that IRA within 60 days
of receipt of the distributions.
        Held, secs. 408(d)(3) and 402(c), I.R.C., both
require that a rollover contribution, from a
distribution of money, consist only of money.  Thus,
P's reinvestments of his IRA and Keogh distributions do
not constitute rollover contributions and such
distributions are includable in income.  Held, further,
the portion of the distributions not invested in the
stock, including the amounts for taxes withheld, are
includable in P's income.


Albert Lemishow, pro se.

Mark L. Hulse and Laurence D. Ziegler, for respondent.


OPINION


TANNENWALD, Judge:  Respondent determined a deficiency in
petitioner's Federal income tax in the amount of $170,968 and an
accuracy-related penalty under section 6662(a)[1] in the amount of
$34,194 for the taxable year 1993.  The issues for decision are:

(1) Whether petitioner's use of distributions from Keogh and
individual retirement accounts (IRA's) to purchase stock which
was contributed to an IRA constitutes a tax-free rollover
contribution;

(2) whether petitioner received a taxable distribution of
money not contributed to an IRA; and

(3) whether petitioner is liable for the accuracy-related
penalty under section 6662(a).

This case was submitted fully stipulated under Rule 122.
The stipulation of facts and the attached exhibits are
incorporated herein by this reference.  Petitioner resided in
Flushing, New York, at the time he filed the petition in this
case.  During 1993, petitioner was a self-employed accountant.

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the taxable year at
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

On December 13, 1993, petitioner completed a subscription agreement to purchase 30,000 shares of GP Financial Corp. stock at $15 a share for a total purchase price of $450,000. The Green Point Savings Bank (Green Point) was responsible for taking the stock orders and payments for the subscription offering.

As of December 1993, petitioner maintained Keogh accounts and IRA's with Green Point and Apple Bank for Savings (Apple). On December 14, 1993, petitioner's account balances in the Keogh accounts and IRA's at Green Point totaled $327,252 and those at Apple totaled $165,695. On December 14, 1993, petitioner made the following withdrawals from his Keogh and IRA accounts (amounts rounded down to the nearest whole dollar):

| Bank | Amount | Type of Account |
|------|--------|-----------------|
| Green Point | $250,651 | Keogh |
| Green Point | 50,130 | Keogh |
| Green Point | 13,939 | IRA |
| Apple | 153,828 | Keogh |
| Apple | 6,377 | IRA |
| Apple | 5,489 | IRA |
| Total | $480,414 | |

Green Point and Apple withheld Federal income tax from the distributions of $50,130.00 and $153,828.00, respectively, in the amounts of $12,532.58 and $30,765.62, respectively.

Petitioner used the net Keogh and IRA distributions ($437,117) plus $12,883 of his own funds to pay the $450,000 purchase price of the GP Financial Corp. stock. On January 28,

1994, petitioner received 25,193 shares of GP Financial Corp. stock, not the 30,000 shares as per the subscription agreement. The 25,193 shares (the stock) at $15 per share cost $377,895. On January 29, 1984, petitioner received a stock purchase refund of $72,105 plus interest from Green Point.

On February 11, 1994, petitioner opened an IRA with Smith Barney Shearson (the Smith Barney IRA). On February 11, 1994, petitioner deposited the stock into the Smith Barney IRA.

Petitioner did not report any of the Keogh and IRA distributions on his 1993 Federal income tax return. Petitioner claimed a credit for the $43,298.20 in Federal income tax withheld by Green Point and Apple. Respondent determined that all $480,414 of the 1993 distributions (the net amount distributed plus withholding) from petitioner's Green Point and Apple and Keogh accounts were includable in petitioner's 1993 income.

Generally, any amount paid or distributed out of an IRA is included in gross income by the payee or distributee, as the case may be, in the manner provided in section 72. Sec. 408(d)(1). Rollover contributions, however, are not includable in gross income. Sec. 408(d)(3)(A). One type of rollover contribution consists of any amount paid or distributed out of an IRA to the individual for whose benefit the IRA is maintained if "the entire amount received (including money and any other property) is paid

into an individual retirement account or individual retirement annuity * * * for the benefit of such individual not later than the 60th day after * * * [the individual] receives the payment or distribution". Sec. 408(d)(3)(A)(i). If any amount would meet these requirements except that the entire amount was not rolled over into the new IRA, the portion rolled over within the time limit will be considered as a rollover contribution. Sec. 408(d)(3)(D).

As with IRA distributions, amounts distributed out of Keogh accounts generally are taxable in the year received under section 72. Sec. 402(a). However, to the extent the distribution meets the following requirements, such distribution is not includable in gross income:

> (A) any portion of the balance to the credit of an employee in a qualified trust is paid to the employee in an eligible rollover distribution,

> (B) the distributee transfers any portion of the property received in such distribution to an eligible retirement plan, and

> (C) in the case of a distribution of property other than money, the amount so transferred consists of the property distributed, [Sec. 402(c)(1).]

Respondent concedes that petitioner's IRA and Keogh distributions were eligible to be rolled over and that the Smith Barney IRA was an eligible plan.

It is clear from the above provisions that to the extent that petitioner did not reinvest the IRA and Keogh distributions

($480,414 received less $377,895 in stock, or $102,519), those portions are taxable, and we so hold.  Whether the portions of the IRA and Keogh distributions used to purchase the stock are excludable from income turns on whether the respective rollover provisions of sections 408(d)(3) and 402(c) require, since the distributions consisted of money, that petitioner transfer money to the Smith Barney IRA.

Both rollover provisions were enacted as part of the Employee Retirement Income Security Act of 1974, Pub. L. 93-406, sec. 2002(b), (g)(5), 88 Stat. 829, 959-964, 968-969.[2]  The purpose of allowing a tax-free rollover from a retirement plan to an IRA was to facilitate portability of pensions.  Conf. Rept. 93-1280 (1974), 1974-3 C.B. 415, 502; H. Rept. 93-807 (1974), 1974-3 C.B. (Supp.) 236, 265.  The purpose of the IRA-to-IRA transfers was to permit flexibility with respect to the investment of an IRA.  H. Rept. 93-807, supra, 1974-3 C.B. (Supp.) at 374; S. Rept. 93-383 (1973), 1974-3 C.B. (Supp.) 80, 214.  With respect to rollovers, the legislative history repeatedly speaks in terms of "this same money or property" and "the same amount of money (or the same property)", both for distributions from an IRA and from a qualified plan.  H. Rept. 93-807, supra, 1974-3 C.B. (Supp.) at 374-375; Conf. Rept. 93-

---

[2]  These provisions enacted sec. 402(a)(5), which is the predecessor of sec. 402(c).

1280, <u>supra</u>, 1974-3 C.B. at 502.  Section 1.408-4(b), Income Tax Regs., describing rollovers from IRA to IRA, uses the language "if the entire amount received (including the same amount of money and any other property) is paid into an" IRA.

Based on the language of the statutory provisions and the legislative histories of those provisions, we hold that petitioner's use of the distributions from his Keogh and IRA's to purchase stock which he then contributed to the Smith Barney IRA does not constitute a tax-free rollover contribution under section 402(c) or 408(d)(3), respectively.[3]

Section 6662(a) imposes a penalty of 20 percent of the underpayment due to negligence or disregard of rules and regulations.  "Negligence" includes any failure to make a reasonable attempt to comply with the provision of the internal revenue laws; "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).  The negligence penalty is inappropriate where an issue to be resolved by the Court is one

---

[3]  We note that a limited exception to the requirement of a tax-free rollover, that the same property distributed be contributed by the recipient to a qualified plan, was enacted in 1978.  See sec. 402(a)(6)(D) (now sec. 402(c)(6)), added by the Revenue Act of 1978, Pub. L. 95-600, sec. 157(f)(1), 92 Stat. 2763, 2806.  This exception permitted property distributed to be sold and the proceeds contributed during the 60-day period.  The narrow scope of this section is reflected in Staff of Joint Comm. on Taxation, General Explanation of the Revenue Act of 1978, Pub. L. 95-600, at 110 (J. Comm. Print 1979).  See also Rev. Rul. 87-77, 1987-2 C.B. 115.

of first impression involving unclear statutory language.
<u>Hitchins v. Commissioner</u>, 103 T.C. 711, 720 (1994).

Since this is the first time we have considered the rollover requirements as to the specific character of the property to be transferred, we find for petitioner as to the negligence penalty imposed on the portion of the underpayment attributable to the distributions used to purchase the stock. The record contains no facts pertaining to petitioner's failure to report any portion of the distributions. Thus, we find petitioner liable for the negligence penalty imposed on the portion of the underpayment attributable to the $102,519 not used to purchase the stock.

In keeping with the above holdings,

<u>Decision will be entered under Rule 155</u>.