ALBERT LEMISHOW, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT*

Docket No. 18744–96.          Filed June 2, 1998.

*J. Dudley B. Kimball,* for petitioner.
*Mark L. Hulse* and *Laurence D. Ziegler,* for respondent.

SUPPLEMENTAL OPINION

TANNENWALD, *Judge:* This case is again before us because of differing computations for entry of decision under Rule 155[1] submitted to implement our earlier opinion, *Lemishow v. Commissioner,* 110 T.C. 110 (1998). In that opinion, we held that none of the $480,414 withdrawn from petitioner's individual retirement accounts and Keogh plans during 1993 constituted qualified rollovers and thus the total amount of the withdrawals was includable in income. We also held that the accuracy-related penalty (the penalty) under section 6662 did not apply to the underpayment of tax attributable to $377,895 of the unreported income which petitioner reinvested in an unsuccessful rollover attempt, but that the penalty did apply to that portion of the underpayment attributable to the $102,519 which petitioner did not reinvest.

The penalty is "an amount equal to 20 percent of the portion of the underpayment * * * which is attributable to", in

---

*This opinion supplements *Lemishow v. Commissioner,* 110 T.C. 110 (1998).

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

the instant case, negligence. Sec. 6662(a) and (b). In determining the amount of the penalty, respondent first calculated the total underpayment. Respondent then calculated the underpayment based on excluding the "negligent" income (i.e., the $102,519).[2] Respondent then imposed the 20-percent penalty on the difference, the difference representing the underpayment attributable to negligence. Petitioner calculated the underpayment of tax attributable to negligence as the excess of tax based on income of $102,519 plus the reported income, over the tax shown on his return. It is only because of the different tax rates at different levels of taxable income that respondent's method results in a higher penalty than the method petitioner advocates.[3]

Section 1.6664–3, Income Tax Regs., provides the rules for determining the order in which adjustments to a return are taken into account for the purpose of computing the penalties imposed under sections 6662 and 6663. The adjustments to the return are made in the following order:

(1) Those with respect to which no penalties have been imposed.

(2) Those with respect to which a penalty has been imposed at a 20 percent rate (i.e., a penalty for negligence or disregard of rules or regulations, substantial understatement of income tax, or substantial valuation misstatement, under sections 6662(b)(1) through 6662(b)(3), respectively).

(3) Those with respect to which a penalty has been imposed at a 40 percent rate (i.e., a penalty for gross valuation misstatement under section 6662(b)(3) and (h)).

(4) Those with respect to which a penalty has been imposed at a 75 percent rate (i.e., a penalty for fraud under section 6663).

[Sec. 1.6664–3(b), Income Tax Regs.]

Respondent's computation of the penalty is in accordance with these rules and the implementing examples. Petitioner offers an alternative computation which he claims complies with the statute.

In reviewing a regulation, we consider two questions as set forth by the Supreme Court:

First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end

---

[2] Since this case involves only two adjustments, one with respect to which no penalty applies and one to which a penalty does apply, the underpayment excluding the "negligent" income is the same as the underpayment that results from adding the "nonnegligent" income to that shown on the return.

[3] In this case, respondent's computation results in an accuracy-related penalty of $8,119 and petitioner's in $5,298.

of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. * * * if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute. [*Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–843 (1984); fn. refs. omitted.]

These principles were very recently reaffirmed by the Supreme Court in *Atlantic Mut. Ins. Co. v. Commissioner,* 523 U.S. ____, ____, 118 S. Ct. 1413, 1418 (1998), with the additional admonition:

the task that confronts us is to decide, not whether the Treasury regulation represents the best interpretation of the statute, but whether it represents a reasonable one. *See Cottage Savings Assn. v. Commissioner,* 499 U.S. 554, 560–561 (1991). * * *

Accordingly, the questions in terms of the instant case are: (1) Whether the Code clearly provides how to compute the portion of the underpayment which is attributable to negligence; and, if not, (2) whether section 1.6664–3(b), Income Tax Regs., is a permissible construction of sections 6662(a) and (b) and 6664(a).

In *United States v. Craddock,* 143 F.3d 595 (10th Cir. 1998), the Commissioner determined an addition to tax for substantial understatement of tax under section 6661 for the taxable year 1985.[4] The taxpayer had disclosed one of the unreported income items in the return. Section 6661(a) imposed a 25-percent addition to tax on the amount of any underpayment attributable to a substantial understatement, but section 6661(b)(2)(B) provided that the amount of the understatement be reduced by "that portion of the understatement which is attributable to" items which the taxpayer disclosed. The Commissioner computed the addition to tax in accordance with section 1.6661–2, Income Tax Regs., comparing the total tax required with that calculated as if the disclosed item had been reported on the return, to determine the amount of the understatement. The taxpayer argued, as does petitioner herein, that the understatement should be computed by calculating the tax owed on an amount arrived at by excluding the disclosed item and adding to the reported

---

[4] Sec. 6661 was repealed in 1989, and the substantial understatement penalty was placed, along with the negligence penalty at issue herein, in a new sec. 6662. Omnibus Budget Reconciliation Act of 1989, Pub. L. 101–239, sec. 7721(a), (c)(2), 103 Stat. 2106, 2395, 2399.

income those items to which the addition to tax would apply. The Court of Appeals for the Tenth Circuit applied the test outlined in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., supra,* found section 6661(b)(2)(B) ambiguous as to how to compute the portion of the understatement which is attributable to disclosed items, and upheld the regulation as a reasonable construction of section 6661.

We are satisfied that the ordering principles in section 1.6664–3, Income Tax Regs., are a reasonable interpretation of how to compute the portion of the underpayment which is attributable to negligence.

*Decision will be entered in accordance with respondent's Rule 155 computation.*