110 T.C. No. 26


UNITED STATES TAX COURT


ALBERT LEMISHOW, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 18744-96.                    Filed June 2, 1998.


        P is liable for the accuracy-related penalty on
that portion of the underpayment attributable to the
negligent omission of $102,519 of the total unreported
income.  In determining the amount to which the penalty
is applied, R first calculated the total underpayment.
R then calculated the underpayment excluding the
"negligent" income.  R then imposed the penalty on the
difference.  P calculated the underpayment of tax
attributable to negligence by adding the $102,519 to
the reported income and applying the penalty to that
amount.  <u>Held</u>, R's method of computing the penalty is
sustained.


        <u>J. Dudley B. Kimball</u>, for petitioner.

        <u>Mark L. Hulse</u> and <u>Laurence D. Ziegler</u>, for respondent.

        [1]

   This supplements <u>Lemishow v. Commissioner</u>, 110 T.C. 110
(1998).

SUPPLEMENTAL OPINION

TANNENWALD, Judge:  This case is again before us because of differing computations for entry of decision under Rule 155[1] submitted to implement our earlier opinion, Lemishow v. Commissioner, 110 T.C. 110 (1998).  In that opinion, we held that none of the $480,414 withdrawn from petitioner's Individual Retirement Accounts and Keogh plans during 1993 constituted qualified rollovers and thus the total amount of the withdrawals was includable in income.  We also held that the accuracy-related penalty (the penalty) under section 6662 did not apply to the underpayment of tax attributable to $377,895 of the unreported income which petitioner reinvested in an unsuccessful rollover attempt, but that the penalty did apply to that portion of the underpayment attributable to the $102,519 which petitioner did not reinvest.

The penalty is "an amount equal to 20 percent of the portion of the underpayment * * * which is attributable to", in the instant case, negligence.  Sec. 6662(a) and (b).  In determining the amount of the penalty, respondent first calculated the total underpayment.  Respondent then calculated the underpayment based

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

on excluding the "negligent" income (i.e., the $102,519).[2]
Respondent then imposed the 20-percent penalty on the difference,
the difference representing the underpayment attributable to
negligence.  Petitioner calculated the underpayment of tax
attributable to negligence as the excess of tax based on income
of $102,519 plus the reported income, over the tax shown on his
return.  It is only because of the different tax rates at
different levels of taxable income that respondent's method
results in a higher penalty than the method petitioner
advocates.[3]

Section 1.6664-3, Income Tax Regs., provides the rules for
determining the order in which adjustments to a return are taken
into account for the purpose of computing the penalties imposed
under sections 6662 and 6663.  The adjustments to the return are
made in the following order:

> (1) Those with respect to which no penalties have
> been imposed.

> (2) Those with respect to which a penalty has been
> imposed at a 20 percent rate (i.e., a penalty for
> negligence or disregard of rules or regulations,
> substantial understatement of income tax, or
> substantial valuation misstatement, under sections
> 6662(b)(1) through 6662(b)(3), respectively).

---

[2]  Since this case only involves two adjustments, one with
respect to which no penalty applies and one to which a penalty
does apply, the underpayment excluding the "negligent" income is
the same as the underpayment that results from adding the
"nonnegligent" income to that shown on the return.

[3]  In this case, respondent's computation results in an
accuracy-related penalty of $8,119 and petitioner's in $5,298.

(3) Those with respect to which a penalty has been imposed at a 40 percent rate (i.e., a penalty for gross valuation misstatement under section 6662(b)(3) and (h)).

(4) Those with respect to which a penalty has been imposed at a 75 percent rate (i.e., a penalty for fraud under section 6663).  [Sec. 1.6664-3(b), Income Tax Regs.]

Respondent's computation of the penalty is in accordance with these rules and the implementing examples.  Petitioner offers an alternative computation which he claims complies with the statute.

In reviewing a regulation, we consider two questions as set forth by the Supreme Court:

First, always, is the question whether Congress has directly spoken to the precise question at issue.  If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.  * * * if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.  [Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-843 (1984); fn. refs. omitted.]

These principles were very recently reaffirmed by the Supreme Court in Atlantic Mut. Ins. Co. v. Commissioner, 523 U.S. ___, ___, 118 S. Ct. 1413, 1418 (April 21, 1998), with the additional admonition:

the task that confronts us is to decide, not whether the Treasury regulation represents the best interpretation of the statute, but whether it represents a reasonable one.  See Cottage Savings Assn. v. Commissioner, 499 U.S. 554, 560-561 (1991).  * * *

Accordingly, the questions in terms of the instant case are: (1) Whether the Code clearly provides how to compute the portion of the underpayment which is attributable to negligence; and, if not, (2) whether section 1.6664-3(b), Income Tax Regs., is a permissible construction of sections 6662(a) and (b) and 6664(a).

In <u>United States v. Craddock</u>, ___ F.3d ___ (10th Cir., May 1, 1998), the Commissioner determined an addition to tax for substantial understatement of tax under section 6661 for the taxable year 1985.[4] The taxpayer had disclosed one of the unreported income items in the return. Section 6661(a) imposed a 25-percent addition to tax on the amount of any underpayment attributable to a substantial understatement, but section 6661(b)(2)(B) provided that the amount of the understatement be reduced by "that portion of the understatement which is attributable to" items which the taxpayer disclosed. The Commissioner computed the addition to tax in accordance with section 1.6661-2, Income Tax Regs., comparing the total tax required with that calculated as if the disclosed item had been reported on the return, to determine the amount of the understatement. The taxpayer argued, as does petitioner herein, that the understatement should be computed by calculating the tax

_____

[4] Sec. 6661 was repealed in 1989, and the substantial understatement penalty was placed, along with the negligence penalty at issue herein, in a new sec. 6662. Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7721(a), (c)(2), 103 Stat. 2106, 2395, 2399.

owed on an amount arrived at by excluding the disclosed item and adding to the reported income those items to which the addition to tax would apply.  The Court of Appeals for the Tenth Circuit applied the test outlined in <u>Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.</u>, <u>supra</u>, found section 6661(b)(2)(B) ambiguous as to how to compute the portion of the understatement which is attributable to disclosed items, and upheld the regulation as a reasonable construction of section 6661.

We are satisfied that the ordering principles in section 1.6664-3, Income Tax Regs., are a reasonable interpretation of how to compute the portion of the underpayment which is attributable to negligence.

<u>Decision will be entered in accordance with respondent's Rule 155 computation</u>.