T.C. Memo. 2006-106

UNITED STATES TAX COURT

SUSAN F. MOSTAFA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12964-04.              Filed May 15, 2006.

Susan F. Mostafa, pro se.

<u>Nhi T. Luu-Sanders</u> and <u>Thomas J. Travers</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency in petitioner's 1996 Federal income tax of $1,377 and additions to tax of $310 and $344 under section 6651(a)(1) and (2), respectively.[1]

---

[1]  All section references are to the Internal Revenue Code,
(continued...)

After concessions,[2] the issues for decision are: (1) Whether petitioner must include wages of $1,076 in her gross income; (2) whether she must include individual retirement account (IRA) distributions of $14,010 in her gross income; (3) whether she is liable for an addition to tax under section 6651(a)(1) of $344; (4) whether section 6501(a) bars respondent from assessing any tax due; and (5) whether petitioner is entitled to reasonable litigation costs.

FINDINGS OF FACT

Petitioner resided in a State within the jurisdiction of the Court of Appeals for the Ninth Circuit when she filed her petition.

During 1996, petitioner worked for a public school district and received wage income of $1,076.

Petitioner had three IRAs during 1996, one account with T. Rowe Price (the T. Rowe Price IRA) and two accounts with the Lindner Growth Fund administered by Star Bank (the first Star Bank IRA and the second Star Bank IRA, respectively). On February 26, 1996, petitioner received a $7,000 distribution from

---

[1](...continued)
as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

[2] Respondent concedes that petitioner is not liable for an addition to tax under sec. 6651(a)(2) and, as a result, seeks to increase the addition to tax under sec. 6651(a)(1) to $344.

the first Star Bank IRA.  On April 30, 1996, petitioner made a $7,000 contribution to the second Star Bank IRA.  On June 17, 1996, petitioner received a $7,010 distribution from the second Star Bank IRA.  Petitioner did not have any tax withheld from the IRA distributions.

Petitioner did not file a Federal income tax return for 1996.  On February 8, 1999, petitioner attempted to file a return for 1996 and elected married filing jointly status.  However, respondent did not process the return because it was not signed by petitioner's husband.

On April 26, 2004, respondent sent petitioner a notice of deficiency covering her 1996 taxable year.  Using information received from third parties, respondent determined that petitioner was required to include in gross income wages of $1,076 from the public school district and IRA distributions of $14,010 from Star Bank.  Respondent allowed petitioner a personal exemption of $2,550 and a standard deduction of $3,350, and determined a corresponding income tax deficiency of $1,377. Respondent also determined that petitioner was liable for additions to tax of $310 and $344 under section 6651(a)(1) and (2), respectively.[3]

On June 19, 2004, petitioner filed a petition with this

---

[3]  Respondent concedes petitioner is not liable for the sec. 6651(a)(2) addition to tax.  See _supra_ note 2.

Court.  Upon order of this Court, petitioner filed an amended petition on September 3, 2004, contesting respondent's determinations.

OPINION

Gross income means all income from whatever source derived, including income from compensation for services.  Sec. 61(a)(1).  Petitioner admitted receiving wage income of $1,076 from the public school district.  Therefore, we find petitioner must include $1,076 in her gross income, as determined by respondent.

Generally, distributions from an IRA are includable in the distributee's gross income as provided in section 72.  Sec. 408(d)(1); Lemishow v. Commissioner, 110 T.C. 110, 112 (1998).  However, "rollover contributions" are not includable in gross income.  Sec. 408(d)(3); Lemishow v. Commissioner, supra at 112.  To qualify as a rollover contribution, the IRA distribution must be rolled over into an IRA or other qualified plan within 60 days of the distribution.  Sec. 408(d)(3); Lemishow v. Commissioner, supra at 112; sec. 1.408-4(b)(1) and (2), Income Tax Regs.

Petitioner argues that the $7,000 distribution from the first Star Bank IRA is not included in her gross income because the distribution was rolled over into her second Star Bank IRA within 60 days.[4]  Petitioner received the distribution from the

_____

[4] On brief, petitioner argues that she rolled over an additional $3,653 into her T. Rowe Price IRA on Mar. 26, 1996.
(continued...)

first Star Bank IRA on February 26, 1996, and did not make a contribution to the second Star Bank IRA until April 30, 1996, 64 days later. Petitioner offered inconsistent testimony and explanations as to why the contribution was made 4 days after the expiration of the rollover period.[5] The only facts in the record show that the contribution was made more than 60 days after the date of distribution. For this reason, the distribution does not qualify as a rollover distribution, and it must be included in petitioner's gross income. See sec. 408(d)(1), (3).

Petitioner does not argue that the remaining $7,010 distribution was rolled over or is otherwise not includable in her gross income. Therefore, we find that petitioner must

---

[4](...continued)
Petitioner did not introduce any evidence to substantiate the alleged rollover, nor is it consistent with the facts. The only IRA distribution she received before the alleged rollover was $7,000 on Feb. 26, 1996. Thus, she only had $7,000 available to roll over (the amount of the alleged Star Bank rollover), and we do not consider the alleged T. Rowe Price rollover further.

[5] Petitioner testified that if the bank received an IRA rollover request after 3 p.m. on a Friday, the rollover would not be reflected in the account until the following Monday. Even if such a situation could offer petitioner relief from the 60-day requirement, it would not do so in this case. At times, petitioner testified that she made the rollover request on Apr. 25, 1996 (a Thursday), and at other times, she testified that she made the request on Apr. 26, 1996 (a Friday). To be consistent with her explanation of the delay, the request would have been made on Friday, Apr. 26, 1996. If that were the case, the rollover would have been reflected in her account on the following Monday, Apr. 29, 1996. It was not reflected in the account until Tuesday, Apr. 30, 1996.

include IRA distributions of $14,010 in her gross income, as determined by respondent.[6]

Because petitioner was required to include $1,076 of wage income and $14,010 of IRA distributions in her gross income, we sustain respondent's determination of a $1,377 deficiency in petitioner's 1996 Federal income tax.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect. The Commissioner bears the burden of production with respect to the taxpayer's liability for the addition to tax. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To meet his burden of production, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the addition to tax. Higbee v. Commissioner, supra at 446-447.

Respondent introduced into evidence Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, which shows petitioner failed to file a return for 1996. We find that respondent has met his burden of production. To avoid the

---

[6] Respondent does not argue that the IRA distributions are subject to a 10-percent additional tax under sec. 72(t).

addition to tax, petitioner must show that her failure to file was due to reasonable cause and not due to willful neglect.

Petitioner testified that she did not file a return because her gross income was less than the exemption amount. See sec. 6012(a)(1)(A). However, as found above, petitioner was required to include $15,086 in gross income, which exceeds the exemption amount for a married person filing separately as adjusted for inflation, and she was thus required to file a return. See id.; Rev. Proc. 95-53, 1995-2 C.B. 445. Petitioner's mistake as to or ignorance of the law does not amount to reasonable cause that would relieve her from the addition to tax. See Joyce v. Commissioner, 25 T.C. 13, 15 (1955); Joye v. Commissioner, T.C. Memo 2002-14; Guthrie v. Commissioner, T.C. Memo. 1989-168. Petitioner has not shown that her failure to file was due to reasonable cause and not due to willful neglect. Therefore, we hold that petitioner is liable for an addition to tax under section 6651(a)(1) of $344.[7]

Petitioner argues that respondent was barred from beginning an audit because the 3-year period of limitations had expired. Petitioner cites no authority for her proposition. We assume petitioner is arguing that respondent is barred from assessing

---

[7] Because respondent conceded that petitioner is not liable for an addition to tax under sec. 6651(a)(2), the sec. 6651(a)(1) addition to tax is 25 percent of the amount required to be shown on the return ($1,377 x .25 = $344.25). See also supra note 1.

any tax due because the 3-year period of limitations under section 6501(a) has expired.

Section 6501(a) provides: "Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed)". However, section 6501(c)(3) provides that, in the case of a failure to file a return, the tax may be assessed at any time. Petitioner argues that more than 3 years has passed from the time she filed a return on February 8, 1999, and thus respondent is barred from assessing the tax. However, the return was never filed because it was not signed by petitioner's husband. Because petitioner did not file a return, the period of limitations on assessment remained open indefinitely. See sec. 6501(c)(3).

On brief, petitioner argues that she is entitled to recover reasonable litigation expenses from respondent. Petitioner did not raise the issue in a proper motion for reasonable litigation costs. See Rule 231(a)(2) and (b). Even if petitioner were to raise the issue at the proper time and in the proper manner, she would not be entitled to reasonable litigation expenses because she is not the prevailing party. See sec. 7430(c)(4)(A); Rule 232(e).

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.