T.C. Summary Opinion 2007-72

UNITED STATES TAX COURT

E. JOAN BIRKEY AND LARRY E. BIRKEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6392-05S.                    Filed May 9, 2007.

E. Joan Birkey and Larry E. Birkey, pro sese.

<u>Catherine Tyson</u>, for respondent.

FOLEY, <u>Judge</u>:  This case was heard pursuant to section 7463[1]
of the Internal Revenue Code.  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and
this opinion shall not be treated as precedent for any other
case.  The issue for decision is whether petitioners failed to

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue.

report income relating to 2002.

## Background

In 2002, petitioners received interest income from three banks. In addition, on December 6, 2002, Ms. Birkey received $40,433 from her Keogh account (i.e., a qualified retirement plan for self-employed individuals). On that same day, Ms. Birkey used those funds to purchase U.S. Savings Bonds. Petitioners, on their 2002 joint Federal income tax return, did not include in gross income the interest income and the distribution from the Keogh account.

On January 24, 2005, respondent sent petitioners a notice of deficiency relating to 2002. Respondent determined that petitioners failed to report the interest income and the distribution from the Keogh account. On April 5, 2005, petitioners, while residing in Osage Beach, Missouri, filed their petition with the Court.

## Discussion

Pursuant to section 61(a)(4), interest income is included in gross income. Pursuant to section 72, amounts distributed from a Keogh account are included in gross income in the year of receipt. See sec. 402(a). Petitioners contend that purchasing U.S. Savings Bonds with the distribution from the Keogh account is a "qualified rollover" (i.e., the distribution would not be includable in their gross income). No such exception exists.

Sec. 402(c)(1); <u>Lemishow v. Commissioner</u>, 110 T.C. 110, 112 (1998).  Accordingly, respondent's determinations are sustained.[2]

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[2] Sec. 7491(a) is inapplicable because petitioners failed to introduce credible evidence within the meaning of sec. 7491(a)(1).