T.C. Memo. 2010-277

UNITED STATES TAX COURT

SUSAN FAY MOSTAFA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30789-08L.                    Filed December 15, 2010.

Susan Fay Mostafa, pro se.

<u>Nhi T. Luu</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, <u>Judge</u>:  We sustain the determination of the IRS

Appeals Office, dated November 19, 2008, to proceed with a

proposed levy to collect from the petitioner her unpaid income

tax liability for 1996.  We have jurisdiction to review the

determination under section 6330(d)(1) of the Internal Revenue

Code of 1986, as amended.

FINDINGS OF FACT

The petitioner, Susan Fay Mostafa, did not file a federal-income-tax return for the year 1996. The IRS issued her a deficiency notice determining that she owed a deficiency in tax for the year and that she owed an addition to tax for failing to file a tax return. Mostafa filed a Tax Court petition to challenge the deficiency notice. The Tax Court decided that she owed a tax deficiency of $1,377 and that she was liable for a failure-to-file addition to tax equal to 25 percent of the amount required to be shown on the return ($1,377 x .25 = $344.25). See Mostafa v. Commissioner, Docket No. 12964-04, T.C. Memo. 2006-106.

On August 22, 2007, the IRS mailed Mostafa a notice that it intended to levy to collect her tax liability for 1996. On September 11, 2007, Mostafa requested a hearing with the IRS Appeals Office to challenge the proposed levy. On the same day, September 11, 2007, she wrote a check for $701 to the IRS. On the check she wrote the following: "Endorsing this check accepts 1996 tax Return Paid in full". On September 19, 2007, the IRS credited the amount of the check to Mostafa's account for her 1996 income-tax liability.

The IRS Appeals officer assigned to Mostafa's pre-levy case spoke to Mostafa by telephone on several occasions. His notes of one of the conversations reflect that Mostafa contended that her 1996 tax liability had been resolved by the cashing of the $701

check, but that the Appeals officer told her that such a contention was outside the scope of the hearing:

> Tp wanted to bring up liability issue but I explained to her that the hearing is to setup a collection alternative, such as a OIC as that is the box she marked on form 12153. TP states she has been to tax court but disagrees with amount owed and stated she was told that if she sent in the payment $701.00 that the account would be full paid and she said she stated that on her check (if check was cashed that would be agreeing account was full paid)

On November 19, 2008, the Appeals Office issued a notice of determination sustaining the proposed levy. The notice of determination stated that Mostafa had attempted to raise the issue of her underlying tax liability but that she could not do so because she had received a deficiency notice. Mostafa filed a petition with the Tax Court to challenge the determination. When she filed her petition, she resided in Oregon.

### OPINION

In her posttrial brief Mostafa claims that "this case should be closed" because the IRS accepted her $701 check. The IRS argues that the cashing of the check did not constitute an agreement to compromise Mostafa's 1996 tax liability and therefore did not close the case.

After taking into account the trial evidence about the $701 check, we find that Mostafa did not compromise her 1996 income-tax liability. In Laurins v. Commissioner, 889 F.2d 910, 912 (9th Cir. 1989), affg. Norman v. Commissioner, T.C. Memo. 1987-265, the Court of Appeals for the Ninth Circuit held that the

IRS's cashing of a taxpayer's check for $2,376.70 did not compromise the taxpayer's liability even though the back of the check stated that the check was in "'full accord and satisfaction of 1977 and all prior years.'"  The Court of Appeals reasoned that the taxpayer did not use the IRS's special form for an offer-in-compromise, and that the IRS did not notify the taxpayer that it accepted the offer.  Similarly, there is no proof that Mostafa made an offer on the form required by the IRS or that the IRS accepted the offer in writing.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

<u>Decision will be entered for respondent</u>.